Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1757 | **DATE** | 6/6/2001 |
| **CASE TITLE** | Yaskawa Electric Corp., et al. Vs. Kollmorgen Corp., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting plaintiff's motion for a protective order (25-1). The depositions shall take place in Guam. Plaintiffs' agreed motion for extension of fact discovery until 9/4/01 is also granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 07 2001 date docketed | 35 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 6/6/2001 | |
| | Copy to judge/magistrate judge. | 01 JUN -6 PM 4: 57 | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

YASKAWA ELECTRIC CORP., and )
YASKAWA ELECTRIC AMERICA, INC., )
　)
Plaintiffs, )
　)
v. ) No. 00 C 1757
　)
KOLLMORGEN CORP. and IMIAC )
MOTION CONTROL CORP., )
　)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Yaskawa Electric and Yaskawa America ("Yaskawa") brought this action for infringement of its United States patent No. 4,357,569 (the '569 patent), invented in Japan by Japanese citizens who remain residents of Japan. Three of the four inventors remain Yaskawa employees. The defendants seek to depose the inventors here in Chicago, Illinois, as nonparty witnesses. Yaskawa seeks a protective order under Fed. R. Civ. P. 26(c), requesting that I direct that the depositions take place in Japan, or in the alternative, in Guam. I grant the motion, directing that, in accord with the plaintiffs' suggestion, the depositions will take place in Guam.

Takanobu Iwakane, Tohru Kai, Kenji Horose, and Koichiro Nakagawa (the "nonparty witnesses") are Japanese engineers, the named inventors of the '569 patent. The defendants do not dispute that they are nonparties, although they say that the engineers are

"critical witnesses who, as such, deserve special consideration when the relative inconvenience to the deponents and to the attorneys is considered." None of the nonparty witnesses has been shown to be a managing agent, officer, director or senior executive of Yaskawa, nor are any of them designated as persons to testify on Yaskawa's behalf under Fed. R. Civ. P. 30(b)(6). Mr. Nakagawa no longer works for Yaskawa.

Yaskawa argues for a Rule 26 protective order because, it says, it would be extremely burdensome for the nonparty witnesses to have to travel thousands of miles with their notes and other materials, taking a week for what may be a day's deposition each. Because Mr. Nakagawa is not under Yaskawa's control, it says, he would have to be deposed in Japan in any event. The deposition should take place, Yaskawa says, in the United States Consular Office in Fukuoka, Japan, pursuant to international treaty, specifically the Agreement Between the United States and Japan Consular Convention and Protocol, 15 U.S.T. 768, and the Vienna Convention. Alternatively, Yaskawa is willing to produce the nonparty witnesses in Guam.

The defendants' objections are unpersuasive. I note to begin with that the usual "rule that in federal litigation, [is that] in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (citing *Salter v.*

*Upjohn Co.*, 593 F.2d 649, 671 (5th Cir. 1979)). The defendants argue that Yaskawa chose this forum and is suing in this court under American patent laws. But the rule that, "[i]n the absence of compelling circumstances or extreme hardship, a plaintiff should appear for a deposition in the forum of his choice--even if he is a nonresident," *Orrison v. The Balcor Co.*, 132 F.R.D. 202, 203 (N.D. Ill. 1990), does not apply to nonparty witnesses. The argument that the inventors agreed to "testify in all legal proceedings" under the terms of the assignment of the patent to Yaskawa is unavailing. The nonparty witnesses do not refuse to testify: the question is where and not whether they will be deposed. They did not contract to be deposed in any particular place. The defendants argue that Yaskawa has not shown that the nonparty witnesses are not managing agents. But, as I have remarked in another case, showing that is the defendants' burden. *Richard Wolf Medical Instr. Corp. v. Dory,* No. 87 C 1254, 1989 WL 51127, at *3 (N.D. Ill. May 9, 1989) (citing *Founding Church of Scientology of Washington, D.C. v. Webster*, 802 F.2d 1448, 1452 n.4, 1453 (D.C. Cir. 1986)).

In support of their motion, the defendants refer me to *In re Nifedipine Capsule Patent Litig.*, 13 U.S.P.Q.2d 1574 (S.D.N.Y. 1989), but that case dealt with whether foreign parties would be deposed under the Federal Rules, *id.* at 1575, not whether they could be haled into a United States court from overseas. The

defendants also cite to *Monetti v. Anchor Hocking Corp.*, No. 87 C 9594, 1992 WL 77677, at *3 (N.D. Ill. Apr. 6, 1992), but that case dealt with an order to to produce an employee witness for deposition in the United States pursuant to Rule 30(b)(6), and, as noted, that rule is not involved here.

Finally the defendants argue that that it would be expensive and inconvenient for their attorneys to travel to Japan and take the deposition at the United States Consulate. The plaintiff's proposal to hold the deposition in Guam would seem to address the problem at least in part, avoiding the costs of using the consular facilities in Japan and supplying the immediate availability of American judicial supervision. Costs, which will be substantial no matter who wins, even if the depositions are held outside the consulate, do not favor either party here, since neither seems more able than the other to bear them. *See Mill Run Tours, Inc. v. Kashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). The defendants claim that it will be burdensome to be in Guam for weeks, where there is no connection to the case, but that is really not a consideration that carries much weight. The convenience of counsel is a factor, *id.* at 551, but it cannot weigh much compared to the inconvenience to the nonparty witnesses. "One attorney or the other will be discommoded, depending upon the choice of site. In any event, the convenience of counsel is less compelling than any hardship to the witnesses." *Devlin v. Transp. Communic. Int'l Union*, Nos. 95 Civ.

0752 JFK JCF, 95 Civ. 10838 JFK JC., 2000 WL 28173, at *4 (S.D.N.Y. Jan. 14, 2000). *See also Zurich Ins. Co. v. Essex Crane Rental Corp.*, No. 90 Civ. 2263 (SWK), 1991 WL 12133, at *3 (S.D.N.Y. Jan. 29, 1991) (convenience of counsel less important than any hardship to the parties); *Babbidge v. Apex Oil Co.*, 676 F. Supp. 517, 522 (S.D.N.Y. 1987) (transfer of venue context).

I GRANT the protective order for the reasons stated. Because the plaintiffs have agreed that the nonparty witnesses may be deposed in Guam, I direct that they are to be so deposed.

ENTER ORDER:

*/s/ Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: June 6, 2001